**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| | } | **Criminal No. 25-CR-347-EGS** |
| **v.** | } | |
| | } | |
| **ROBERT A. TERRELL,** | } | |
| | } | |
| **a.k.a. "Robert Alphonso Terrell III"** | } | |
| **a.k.a. "Robert Alphonso III"** | } | |
| **a.k.a. "Robert Alphonso III,** | } | |
| **General Executor of Terrell Estate"** | } | |
| | } | |
| | } | |
| **Defendant.** | } | |
| | } | |
| | } | |

## MOTION FOR RELEASE

Robert Terrell, a.k.a. "Robert Alphonso Terrell III," through counsel, respectfully requests he be released from pretrial detention. The government opposes his request.

Though Mr. Terrell left the country for a short trip with his family, he also came back. Both before and after, he largely abided by his conditions of release, appearing at every court date. Having learned from his time in detention, he hopes to return home so he can resume his parenting and business responsibilities. He thus asks the Court to release him on more stringent conditions.

### BACKGROUND

On November 24, 2025, Judge Faruqui imposed various conditions of Mr. Terrell's release; relevant here, he was ordered to "surrender any passport," to "notify [the Pretrial Services Agency] in advance of all travel outside of the metropolitan area," and to obtain court approval for "all travel outside of the Continental United States." *See* ECF No. 7. Mr. Terrell was told in the hearing

1

not to obtain a new passport, but the box stating as much was not checked on his release form. *See id*.; ECF No. 54 at 3 n.4; ECF No. 54-1.

At a hearing the next month, Mr. Terrell denied his identity and was subsequently held overnight; after two additional hearings and a total of two days in detention, he was released under the same conditions of release.

On March 9, 2026, Mr. Terrell applied for a passport and later that month, he traveled to Turks and Caicos for five days with his wife and son. The government also represents that Mr. Terrell has failed to check in with Pretrial Services multiple times. *See* ECF No. 54 at 7.

On April 16, the government requested that the Court revoke Mr. Terrell's release, *see id*., and on April 22, the Court granted the government's request.

## DISCUSSION

### I.    Legal Standard.

"Our system of criminal justice embraces a strong presumption against detention." *United States v. Anderson*, 384 F. Supp. 2d 32, 34 (D.D.C. 2005). This is no less true when, as here, a defendant has violated the conditions of their release. In these circumstances, continued detention is only appropriate if, considering the factors in 18 U.S.C. § 3142(g), "no condition or combination of conditions of release [ ] will assure that the person will not flee or pose a danger to the safety of any other person or the community," or if "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2). If a detained defendant shows they will not flee, pose no danger, and will abide by the court's conditions, then they should be released. *See United States v. Chilcoat*, No. CR 22-299 (CKK), 2024 WL 148967, at *5–6 (D.D.C. Jan. 12, 2024).

II.      **Mr. Terrell will not flee and could comply with conditions of release.**

Mr. Terrell does not pose a danger to anyone's safety. He is accused of a non-violent, white-collar crime, and it has been over a decade since his last offense, also non-violent. Nor is he a flight risk. While he admittedly made a poor choice in leaving the country, he also chose to come back. In other words, he did not actually flee, and he does not intend to. Indeed, he has not missed a single court date. His family and work ensure he will continue to attend hearings. He lives with his son, a rising junior starting to think about college and looking to his father for advice. And for the past 15 years, Mr. Terrell has run a logistics company, which contracts with dozens of workers on multi-million-dollar jobs throughout the area. In short, he has every incentive to stay put.

The other section 3142(g) factors underscore this conclusion. He has lived in either D.C. or Maryland his entire life; he has no history of drug or alcohol abuse; and his criminal history is twelve years old. There are certainly conditions of release—such as electronic monitoring—that will continue to ensure his attendance at future court dates.

Though Mr. Terrell left the country, applied for a passport, and failed to check in with Pretrial Services, these violations represent thin evidence that he is "unlikely to abide by *any* condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B) (emphasis added); *cf. United States v. Stedman*, No. CR 21-383, 2024 WL 3967389, at *5 (D.D.C. Aug. 28, 2024) ("Although on a few occasions, defendant failed to report by telephone as directed . . . this Court [ ] accords these infractions minimal weight, particularly given defendant's otherwise full compliance with his conditions of release.") (citation modified). If anything, his time in detention for these violations ensures that he will not commit more. *See Chilcoat*, 2024 WL 148967, at *8 (releasing defendant in part because her confinement 'has been extremely difficult and a shocking eye-opener'").

3

Mr. Terrell's family and business also ensure he will abide by his conditions of release going forward. His mother and sister's family are currently living with and caring for his teenage son, and he is eager to return home to be with his son again. He is likewise hoping to return to running his business, which has ongoing projects demolishing RFK Memorial Stadium and adding asphalt to a local elementary school. He has redoubled his commitment to complying with conditions of release so he can resume these responsibilities.

The Court has a full spectrum of more restrictive conditions at its disposal short of detention, from curfew to location monitoring. *See United States v. Vance*, No. CR 5:20-063-DCR, 2022 WL 1672105, at *4 (E.D. Ky. May 25, 2022) ("[T]he Court does not find that the second prong of the § 3148(b) analysis is satisfied to the extent of requiring total revocation of conditions of release. Instead, the Court will impose additional, more restrictive conditions of release . . . ."). Now represented by counsel, Mr. Terrell submits that he is prepared to fully abide by more restrictive conditions. *See Chilcoat*, 2024 WL 148967, at *3, *6 (releasing defendant, who had filed *pro se*, sovereign-citizen argument in part because "both he and his attorney have indicated that he will remain in compliance with any conditions set up until trial").

Mr. Terrell respectfully requests that he be given the opportunity to return to his life, his son, and his business with more restrictive conditions in place.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov, Esq.
D.C. Bar No. 979785
Gorokhov P.C.
Burnham & Gorokhov
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing motion via ECF which automatically sends a copy to all counsel of record.

Respectfully submitted,

By:/s/ Eugene Gorokhov
Eugene Gorokhov, Esq.